ADAMS, (HOLLINGSWORTH v.)
[See Hollingsworth v. Adams, Case No. 6,611.]

———

ADAMS, (HUDSON v.)
[See Hudson v. Adams, Case No. 6,832.]

———

## Case No. 54.

### ADAMS v. ILLINOIS MANUF'G CO.

[4 Ban. & A. 543;[1] 18 O. G. 412.]

Circuit Court, N. D. Illinois. Oct., 1879.

PATENTS FOR INVENTIONS — PATENTABILITY—NOVELTY.

Letters patent, No. 50.591. granted to John H. Irwin, October 24th, 1865, for a lantern. the top or dome of which is hinged to the guard on one side, in such manner that it can be closed firmly to the guard, by the operation of a hinge, and a catch on the side opposite the hinge, so that. when the top or dome is lifted or thrown back on the hinge. the globe can be removed from the guard, *held* valid.

[See note at end of case.]

In equity. [Bill by J. McGregor Adams against the Illinois Manufacturing Company for an accounting, and an injunction restraining the further infringement of patent No. 50,591. Decree for complainant.]

Coburn & Thacher, for complainant.
West & Bond, for defendant.

BLODGETT, District Judge. This is a bill for injunction and account. Complainant is admitted to be the owner of two letters patent issued by the United States to J. H. Irwin, the first, No. 47,551, dated May 2d, 1865, and the other, No. 50,591, dated October 24th, 1865, for improvements in lanterns. The defense is want of novelty in the complainant's patents. It is admitted that defendant has made, and is making, lanterns in all respects like those described in the specifications and drawings of Irwin's patent, No. 50,591. If that patent is valid, complainant must have a decree in this suit. The leading feature of this patent is the construction of a loose-globe lantern, so arranged that the globe can be readily removed and replaced, and, at the same time, have the metallic parts of the frame permanently attached together so as to make a basket in which the globe will be held or retained, even if the catch holding the top or dome to the frame of the lantern is unfastened. This is obtained by hinging the top or dome to the guard, on one side, so that it can be closed firmly to the guard by the operation of a hinge and a catch on the side opposite the hinge, so that, when the top or dome is lifted or thrown back on the hinge, the globe can be removed from the guard. The conveniences of this arrangement are obvious. It makes a lantern simple in construction, with few complications, easily cleaned, and, perhaps, less liable to accidents than any other form of lantern which has been devised.

It is admitted that loose-globe lanterns had been made, long prior to that made by Irwin, in the form described in his patent. The idea of so constructing the lantern that the globe was simply held in place by the guard, and could be readily removed, was not new when Irwin entered the field; but I am satisfied that the Irwin patent can be sustained so far as its particular device is concerned. It is evidently useful, and by its application a very useful lantern is obtained. The loose-globe lanterns which had been made prior to that of Irwin's, as shown in the proof, are: First, Westlake, where the arrangement was such that you are obliged to remove the oil-pot, then the top, and then remove the guard from the globe. Second, Max Miller. By this the parts of the lantern can be separated by means of springs and catches, so that finally the globe can be taken out through the top of the guard. Third, Waters's lantern. This is separated. Fourth, Evans, English lantern. Fifth, Chappell, English patent. Sixth, Butterfield. Guard-clasps around lantern should be called a removable guard. Seventh, Morley. Eighth, Colburn. All these devices have some provision by which the parts of the lantern can be, to a greater or less extent, separated, but they can, none of them, I think, be said to suggest the specific mode by which Irwin made his globe removable, and preserved the connection of the parts of his frame. The patent may be sustained as a special device, and. as defendant infringes that device, the complainant must have a decree.

[NOTE. Patent No. 50,591 was granted to J. H. Irwin. October 24. 1865, and was the subject of litigation in Adams v. Howard, 19 Fed. Rep. 317, 22 Fed. Rep. 656.]